UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Incorporated, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Magnecomp Group, an unincorporated association; Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation; Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,<br><br>Defendants. | Civil No. 00CV-2156 MJD/SRN |
| Magnecomp Corporation, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hutchinson Technology Incorporated, a Minnesota corporation,<br><br>Defendant. | Civil No. 01-CV-1 MJD/SRN |

**PRETRIAL SCHEDULING ORDER**

FILED MAR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

The above-entitled consolidated actions came for a Pretrial Conference on March 6, 2001, before the undersigned Magistrate Judge of the District Court. The Court, having heard the arguments of counsel, having reviewed the Joint Rule 26(f) Report submitted by the parties on March 2, 2001, and being otherwise fully advised,

**HEREBY ORDERS:**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective November 1, 1996, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

Because this litigation involves two separate actions which have been consolidated for pretrial purposes and which include affirmative claims against both parties, the parties' duties as set for the below are not described as "plaintiff" or "defendant' but instead as "complainant" or "respondent." A party's role will depend on whether, as to each patent at issue or other claim, it is alleging infringement or wrongdoing (as the "complainant") or responding to an allegation of infringement or wrongdoing (as the "respondent"). Where appropriate, the term "respondent" shall be read to include more than one party (such as the Magnecomp defendants).

## I. Monthly Status Conferences and Timing of Submissions

The parties, through their attorneys, shall attend monthly status conferences on the dates set by the Court. Each party may attend either in person or by telephone, but one side's decision to attend by telephone does not prohibit the other side from attending in person. Two business days prior to each conference, the parties shall each submit a brief agenda of

the issues to be addressed. The agenda shall be in letter form and shall not exceed five (5) pages in length.

In the event both sides agree that there is no need for such a conference, they shall notify the Court as soon as practicable but no later than one day before the scheduled conference. Except in exceptional circumstances, the parties shall schedule all non-dispositive discovery motions for the date of the monthly status conferences.

The first conference will occur during the week of April 16, 2001, the date and time to be decided by the Court. The parties will meet and confer to decide on proposed dates for the May, June and July status conferences and inform the Court of such proposed dates no later than March 15, 2001.

**II. <u>Discovery</u>**

**A. <u>Jurisdictional Discovery</u>**

All jurisdictional discovery will be completed by June 1, 2001. If necessary, the Court will entertain a motion to extend this deadline for good cause.

**B. <u>Patent Claims: Claim Charts</u>**

1. No later than March 12, 2001, complainant shall produce via correspondence a list of the claims for each patent-in-suit that it believes are infringed by respondent's products and the parties shall meet and confer with respect to the accused products in the respective patent infringement cases. Complainant shall reserve the right to supplement, narrow or otherwise amend the list of claims as discovery continues.

2. No later than March 13, 2001, complainant shall submit to the Court a letter explaining when complainant will be able to provide respondent with samples or functional

equivalents (i.e., engineering drawings, product summaries, schematics, etc.) of all allegedly infringing products or devices.

3. Complainant shall serve upon respondent within thirty (30) days of the receipt of all product samples or functional equivalents as discussed in section (2) above "Complainant's Claim Chart," which shall identify: (a) which claim(s) of its patent alleges are being infringed; (b) which specific products or methods it alleges literally infringe each claim; and (c) where each element of each claim listed in (a) is found in each product or method listed in (b), including the basis for each contention that the element is present. If there is a contention by the complainant that there is infringement of any claims under the doctrine of equivalents, complainant shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, complainant shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

4. Within thirty (30) days of its receipt of the complainant's Claim Chart, respondent shall serve upon complainant "Respondent's Claim Chart" that indicates with specificity which elements on complainant's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, respondent will set forth the basis for its contention that the element is absent. As to the doctrine of equivalents, respondent shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

5. Following respondent's service of its Claim Chart as set forth above, the Court shall be contacted to schedule a claim interpretation hearing ("Markman hearing"). The Markman hearing shall not occur until at least fifty-five (55) days after the completion of Discovery Relating to Validity/Prior Art as specified in Section II.C. below.

(a) Forty-five (45) days in advance of the Markman hearing date, each side shall file with the Court a statement of the interpretation for which it contends, along with a memorandum explaining how the intrinsic evidence (claims, specifications and prosecution history of the patent(s)-in-suit) support that interpretation.

(b) If either side intends to rely on extrinsic evidence, it shall:

(i) Explain why extrinsic evidence is necessary;

(ii) Explain the extrinsic evidence it intends to offer; and

(iii) If the extrinsic evidence is testimony (e.g., from an expert of the inventor), submit to the Court such testimony in the form of an affidavit.

(c ) If one side indicates its intention to rely on extrinsic evidence, within fifteen (15) days the opposite party shall file a memorandum with this Court.

(i) Stating its position on the need for the extrinsic evidence offered by the other party; and

(ii) Stating whether, if the Court hears the extrinsic evidence offered by its opponent, it wants to present extrinsic evidence as well; and, if so, providing the information required under subsections (i)-(iii) of section (b) above.

(d) At least ten (10) days before the date of the Markman hearing, the Court shall issue an Order stating:

(i) Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and

(ii) Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

**C. Patent Claims: Discovery Relating to Validity/Prior Art**

1. Within seventy-five (75) days of its receipt of complainant's Claim Chart pursuant to Discovery Plan, paragraph II.B., respondent shall serve on complainant a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by complainant (Respondent's Prior Art Statement).

2. Within thirty (30) days of its receipt of respondent's Prior Art Statement, complainant shall serve on respondent "Complainant's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by respondent shows, if its interpretation differs from respondent's, and its position on why the prior art does not invalidate the asserted claims of the patent(s)-in-suit.

3. Respondent can add prior art to its original Statement only by leave of court, upon a showing:

(a) that the prior art proposed to be added was not and could not reasonably have been located earlier by respondent; and

(b) that the prior art proposed to be added is not merely cumulative of prior art already listed; and

(c) how respondent will be prejudiced if leave is denied, and complainant will not be prejudiced if leave is given.

**D. Antitrust Claims: Timing of Contention Interrogatories**

HTI shall serve amended contention interrogatories in the case of Magnecomp Corporation v. Hutchinson Technology Incorporated, Civil No. 01-CV-1 (MJD/SRN) no later than Thursday, March 8, 2001. These interrogatories shall be tailored to require Magnecomp to provide HTI with a summary of the facts underlying each of its antitrust and

related state law claims, and Magnecomp will be able to reserve the right to amend its responses as the case continues. No later than March 12, 2001, the parties shall meet and confer to reach agreement over whether the amended contention interrogatories serve the aforementioned purpose. If the parties disagree, the parties shall contact the Court.

### E. Document Production

#### 1. Timing

Both parties should begin a rolling production of documents as soon as possible. The parties shall focus their efforts on the document production phase of the case for six (6) months from the date of this Order. During this time, party depositions are discouraged but will be permitted, so long as the party taking the deposition believes in good faith that it has all documents relevant to the deposition and understands that the deposition will not be continued, but rather it will be closed at the end of the day (or longer per agreement of the parties or order of the Court).

#### 2. Details of Document Production

Documents may be produced for *inspection* on hard copy paper at the law firm of the producing party. The producing party is responsible for the cost of making its production. The reviewing party may review the documents and indicate the documents for which it wants to maintain its own set of copies (either hard copies or imaged copies). The reviewing party will bear the expense of copying or imaging the selected documents and may select a vendor of choice.

#### 3. Timing and Exchange of Privilege Logs

The parties shall exchange privilege logs on August 31, 2001, with supplementation, if necessary, on January 31, 2002, July 31, 2002, and December 15, 2002.

**F. Interrogatories**

Each side will be allowed to serve 70 interrogatories with the understanding that HTI may serve a single interrogatory directed to all Magnecomp defendants and that all defendants will collectively answer the interrogatory. Such an interrogatory will count as a single interrogatory. Should either party feel it needs to serve additional interrogatories, it can raise the issue with the Court.

**G. Depositions**

**1. Permissible Scope of Deposition Objections**

The parties shall follow the rules of civil procedure. Any improper deposition conduct may be brought to the attention of the Court.

**2. Length of Depositions**

The parties shall assume that the length of each deposition will conform with the Federal Rules of Civil Procedure and be concluded in one day. If a party feels it needs more time to conduct a deposition, it shall notify the party of this need at the time it serves the deposition notice. The parties shall then meet and confer regarding the appropriate length of the deposition. If no agreement can be reached, the parties shall submit the issue to the attention of the Court.

**3. Fact Depositions**

Each party will be allowed to take 75 depositions (excluding experts) for each side. HTI's depositions regarding jurisdiction will count toward this limit. Fact depositions will take place in Hong Kong; Singapore; Irvine, California; Minneapolis, Minnesota or in a city yet to be determined in Thailand, provided that appropriate facilities exist. The

depositions will occur in one of the above-listed locations that is most convenient for the witness. Third party depositions shall be conducted near where the third party resides as specified in the Federal Rules of Civil Procedure.

**4. Expert Depositions**

Each party shall be permitted to take no more than one deposition of each expert disclosed by the other party, unless such expert also submits an expert rebuttal report in which case the expert may be deposed separately regarding each report. Similarly, each party shall be permitted to take a separate deposition regarding each and every supplemental expert report disclosed by the other party.

**H. Third Party Discovery**

Third party document discovery may occur at any time before the discovery cut-off date. No party will be permitted to take a deposition of a third party during the six-month document phase of the case without the consent of the other party, but that consent cannot be unreasonably withheld. If consent is withheld, the party proposing the deposition may seek relief from the Court.

**I. Expert Reports**

Drafts of expert reports shall not be discoverable but experts shall identify who assisted in their expert reports and shall describe the nature of that assistance. The dates by which each party shall disclose the identity of expert witnesses, furnish their written reports, and conduct expert depositions are as follows:

| Deadline | Disclosure/Deposition |
|---|---|
| September 30, 2002 | Party with the burden of proof identifies experts. |
| October 31, 2002 | Party without the burden of proof identifies rebuttal experts. |
| January 31, 2003 | Party makes expert disclosures on issues for |

| | |
|---|---|
| | which that party has the burden of proof. |
| February 28, 2003 | Party without burden of proof completes depositions of experts. |
| March 31, 2003 | Party without burden of proof makes expert disclosures. |
| April 30, 2003 | Party with burden of proof completes depositions of rebuttal experts. |

**J. Supplementing Discovery**

The parties shall supplement their discovery responses in accordance with Fed.R.Civ.P. 26.

**K. Protective Order**

A protective order has already been signed and entered.

## III. Close of Discovery and Non-Dispositive Motions.

A. All factual and non-expert discovery (including service and response to interrogatories, document requests, requests for admission, and depositions) shall be completed by December 15, 2002.

B. All non-dispositive motions unrelated to expert discovery shall be served, filed and heard no later than January 30, 2003. Non-dispositive motions relating to expert discovery shall be served, filed and heard no later than May 31, 2003.

## IV. Motions to Amend the Pleading or Add Parties.

All motions to amend the pleadings or to add parties in either case shall be served, filed and heard by the Court by October 1, 2001.

## V. Dispositive Motions and Trial.

A. All dispositive motions shall be served, filed and heard by the Court by July 31, 2003.

B. The cases will be ready for trial (whether or not the cases are consolidated for trial) on October 31, 2003.

C. Estimated length of trial for the combined cases is a total of 20 to 40 trial days.

**VI. Trial Before Magistrate Judge.**

The parties have declined to consent to trial before the Magistrate Judge.

Dated: March 12, 2001

Susan Richard Nelson

Magistrate Judge Susan Richard Nelson

Error! Bookmark not defined.

M2:20374114.01