UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Hutchinson Technology Incorporated, a Minnesota corporation,**

**Plaintiff,**

**v.**

**Magnecomp Group, an unincorporated association, Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation, Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,**

**Defendants.**

**Civil No. 00-2156 (MJD/SRN)**

**ORDER**

---

**Magnecomp Corporation, a California corporation,**

**Plaintiff,**

**v.**

**Hutchinson Technology Incorporated, a Minnesota corporation; and Kenneth Johnston, an individual doing business as Computer Connection,**

**Defendants.**

**Civil No. 01-01 (MJD/SRN)**

---

FILED APR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

---

Jay W. Scholosser, Esq., Russell B. Hill, Esq., and Karen A. Gibbs, Esq. on behalf of Magnecomp Corporation.

Randall E. Kahnke, Esq., John E. Connelly, Esq., David J. Gross, Esq., and Brian W. Hayes, Esq. on behalf of Hutchinson Technology, Incorporated.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by the undersigned United States Magistrate Judge on March 26, 2001, on Magnecomp's Motion for Leave to File a Second Amended Complaint. (Doc. No. 66.) Magnecomp requests to make the following additions to the Complaint:

> 46. Many of the Magnecomp products accused by Hutchinson of patent infringement contain major components, such as TSA flexures, purchased directly from Hutchinson. Without the components purchased directly from Hutchinson, the Magnecomp products can not arguably infringe Hutchinson's patents. Because Magnecomp is a bona fide purchaser for value, however, any product containing Hutchinson components cannot, as a matter of law, infringe Hutchinson's asserted patents. At the time Hutchinson brought its patent infringement lawsuit, Hutchinson was fully aware that the accused products contained components legitimately purchased by Magnecomp from Hutchinson. Hutchinson's conduct thus constitutes sham litigation because it conceals an attempt to interfere with Magnecomp's business relationships. Hutchinson has and is subjectively motivated by a desire to impose anti-competitive injury rather than to obtain a justifiable legal remedy.
>
> 47. Hutchinson's patent infringement lawsuit is objectively baseless because of Magnecomp's purchase and incorporation of the Hutchinson components in the products accused by Hutchinson. In addition, Hutchinson's patent infringement lawsuit is objectively baseless because of the implied licenses acquired by Magnecomp and the HDD manufacturers, and because of Hutchinson's acquiescence to Magnecomp's and the HDD manufacturers' use of Hutchinson's technology.
>
> 55. At no time when Hutchinson communicated with Magnecomp's potential and existing customers, did it disclose to those entities that Hutchinson had assisted and acquiesced in Magnecomp's use of its technology in order to develop Magnecomp into a second source. Nor did Hutchinson communicate that Magnecomp had an implied license to

> Hutchinson's patents, even though Hutchinson knew that it had assisted Magnecomp in acquiring raw materials for its allegedly infringing products and had helped Magnecomp develop its allegedly infringing products. Nor did Hutchinson inform anyone that the Magnecomp products it accused in its lawsuit contain major components purchased from Hutchinson, thereby making such products immune to infringement. Such improper and deceptive conduct by Hutchinson constitutes bad faith because Hutchinson represented to the marketplace, including to Magnecomp's customers in California, that Magnecomp infringed its patents even though Hutchinson knew that its patents were unenforceable against the accused Magnecomp products. Magnecomp's customers, and the public in general, were and are likely to be deceived by Hutchinson's conduct.

(Id.)

Whether to grant leave to amend is within this Court's sound discretion. Niagara of Wis. Paper Corp. v. Paper Industry Union-Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986). Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In considering whether to grant leave to amend the court considers a number of factors. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). For example, the court may deny leave to amend if any of the following factors are present: undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Magnecomp seeks to amend the Complaint to add new allegations to support its claims of sham patent litigation, intentional interference with prospective economic advantage, intentional interference with contract and unfair competition. (Hutchinson Mem., Doc No. 67, p. 3.) Hutchinson opposes Magnecomp's Motion for Leave to File a Second Amended Complaint

arguing that the amendment is futile. The Court notes that Hutchinson has brought a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which is currently pending before the Honorable Judge Michael J. Davis, United States District Court for the District of Minnesota.[1] (Doc. No. 55.) Hutchinson seeks to dismiss, inter alia, Magnecomp's sham patent litigation claim, intentional interference prospective economic advantage claim, intentional interference with contract claim and unfair competition claim – the same claims at issue in this motion to amend. (Hill Declaration, Doc. No. 68, Ex. D.)

Although Hutchinson has requested that this Court determine the legal sufficiency of the proposed amended pleadings in the context of the present motion, the Court finds that this analysis is more properly and efficiently conducted in conjunction with the pending motion to dismiss. Magnecomp's amendment seeks to clarify its claims already set forth in the First Amended Complaint. Therefore, in the interests of ensuring that the District Court has the opportunity to determine the sufficiency of the Complaint in its final form, this Court will permit Magnecomp to amend its First Amended Complaint as proposed.

**THEREFORE, IT IS HEREBY ORDERED** that:

Magnecomp's Motion for Leave to File the Second Amended Complaint in its proposed form (Doc. No. 66) is **GRANTED**.

Dated: April 12, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

---

[1]The Motion to Dismiss has not yet been argued before Judge Davis.